UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JW U. C., | CASE NO. 2:19-CV-00090-DWC |
| Plaintiff, | |
| v. | ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Social Security Commissioner's ("Commissioner") denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 10.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in assessing the residual functional capacity ("RFC"), the medical opinion evidence, or a disability rating from the Veteran's Administration ("VA"). Accordingly, the ALJ's finding

of non-disability is supported by substantial evidence, and the Commissioner's decision is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

On September 22, 2016, Plaintiff filed an application for DIB, alleging disability as of April 5, 2016.[1] *See* Dkt. 10, Administrative Record ("AR") 15, 245-51. Plaintiff later amended his alleged onset date to August 30, 2016. AR 15, 38. His application was denied upon initial administrative review and on reconsideration. AR 122-28, 130-36. A hearing was held before ALJ Stephanie Martz on July 17, 2018. AR 35-64. In a decision dated August 10, 2018, the ALJ determined Plaintiff to be not disabled. AR 12-26. The Social Security Appeals Council denied Plaintiff's request for review on November 20, 2018. AR 1-6. The ALJ's decision of August 10, 2018 is the final decision of the Commissioner subject to judicial review. *See* 20 C.F.R. § 404.981.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to adequately explain how moderate limitations assessed in connection with the paragraph B criteria were incorporated into the RFC; (2) failing to properly assess opinion evidence from Karen Bolton, M.D. and Benjamin Aleshire, Ph.D.; and (3) giving insufficient weight to a disability rating from the VA. Dkt. 12, pp. 2-10.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

---

[1] Plaintiff filed a prior DIB application, which was denied at the initial level in 2013. AR 113-19, 235-41.

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.    Whether the ALJ properly assessed the RFC.**

Plaintiff maintains that the ALJ erred in finding that the RFC limitation to understanding, remembering, and carrying out routine and predictable tasks was sufficient to accommodate the moderate limitations the ALJ assessed in connection with the paragraph B criteria. Dkt. 12, p. 6. Plaintiff argues that the ALJ "impliedly asserts" that this RFC limitation was sufficient to accommodate Plaintiff's moderate limitations in understanding, remembering, and applying information and concentrating, persisting, and maintaining pace. Dkt. 12, p. 6. Plaintiff contends that the ALJ has not provided an adequate explanation for how the RFC accommodates moderate limitations in both domains. Dkt. 12, p. 6.

The ALJ must evaluate the paragraph B criteria to determine if the severity of the claimant's mental impairment meets or is medically equal to the criteria of a listed impairment. 20 C.F.R. Part 404, Subpart P, Appendix 1. To meet the paragraph B criteria, a claimant must have an extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. 20 C.F.R. pt. 404, subpt. P app. 1, § 12.00(E).

Social Security regulations provide that in assessing disability claims, adjudicators must remember that the limitations identified in the paragraph B criteria "are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. *See* Social Security Ruling ("SSR") 96-8p.

"Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's RFC." *Bray v. Comm'r of Social Security Admin.*, 554 F.3d 1219, 1222–23 (9th Cir. 2009). In formulating the mental RFC assessment used at steps 4 and 5 of the sequential evaluation process, the ALJ is required to perform "a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF (Psychiatric Review Technique Form)." SSR 96-8p.

While similar evidence may be used in both assessments of Plaintiff's mental impairments, they are distinct, and limitations assessed in the context of the paragraph B assessment are not necessarily transferable to the more detailed assessment required when formulating the RFC. The ALJ's task when assessing the RFC is not to provide an adequate explanation for how the RFC accommodates the ALJ's paragraph B findings, but rather to perform a new, more detailed assessment incorporating *all* the relevant evidence. SSR 96-8p. *See e.g. Israel v. Astrue,* 494 F. App'x 794 (9th Cir. 2012) (noting that the mental limitations identified at step three of the sequential evaluation process are not an RFC assessment, and that the ALJ must consider the step three limitations along with all the relevant evidence in formulating the RFC).

As such, the question is not whether the ALJ's paragraph B findings are consistent with the RFC, but whether the ALJ has provided an adequate explanation for the mental limitations contained in the RFC. Here, the ALJ performed, in a manner consistent with Social Security regulations, a detailed assessment of Plaintiff's mental impairments that considered Plaintiff's subjective allegations, activities of daily living, the treatment record, and the medical opinion evidence. AR 20-24, SSR 96-8p.

First, Plaintiff's statement that the ALJ "impliedly asserts" that the RFC limitations were sufficient to accommodate the moderate limitations that the ALJ assessed in connection with the paragraph B criteria is contradicted by the text of the ALJ's decision. The ALJ specifically noted, in language common to Social Security decisions, that the RFC reflected the degree of limitation found in the paragraph B mental functional analysis. AR 19.

Second, Courts in the Ninth Circuit have routinely found that a statement from the ALJ that the degree of limitation found in the paragraph B mental functional analysis was incorporated into the RFC is sufficient to meet the requirements set forth in Social Security regulations. *See e.g. Van Houten v. Berryhill,* 2019 WL 691200, at *14 (E.D. California, February 19, 2019), citing *Ming Y. Huang v. Berryhill*, 2017 WL 6557757, at *8-9 (S.D. Cal. Dec. 22, 2017) (rejecting the plaintiff's argument that "the ALJ erred by not including her mild mental limitations... in [the] residual functional capacity" where the ALJ reviewed the Paragraph B criteria "and expressly incorporated [the] mild mental limitations into the RFC"), adopted in 2018 WL 480806; *Scotellaro v. Colvin*, 2015 WL 4275970 at *9 (D. Nev. June 22, 2015) (finding "the ALJ considered Plaintiff's mild mental limitation in his RFC analysis where the ALJ analyzed the Paragraph B criteria "at step two and incorporated by reference in his RFC analysis").

Third, a finding that an individual has "moderate" limitations in the paragraph B criteria domains does not require the ALJ to assess a specific degree of functional limitation in the RFC. *See e.g. Collingswood-Bonse v. Colvin*, No. 13-1646, 2015 WL 853063, at *5-6 (D. Or. Feb. 24, 2015) (affirming an RFC for routine, repetitive work where ALJ found moderate limitations in concentration, persistence, or pace); *Phillips v. Colvin*, 61 F. Supp. 3d 925, 940 (N.D. Cal. 2014)

("a moderate difficulty in concentration, persistence, or pace does not automatically translate to a RFC finding with these limitations").

Fourth, there is not an inherent inconsistency between the moderate limitations assessed by the ALJ in the context of the paragraph B evaluation and the work-related mental restrictions assessed in the RFC. Plaintiff argues that the ALJ has not provided sufficient rationale to explain how the RFC accommodates moderate limitations in "both" paragraph B criteria domains. Dkt. 12, p. 6. Plaintiff's argument is unclear as to which moderate limitation would not be accommodated by a restriction to understanding, remembering, and carrying out routine and predictable tasks. However, in Plaintiff's reply brief, he only addresses the moderate limitation in concentrating, persisting, and maintaining pace. Dkt. 16, pp. 1-3.

With respect to Plaintiff's ability to concentrate, persist, and maintain pace, the Ninth Circuit has held that when posing a hypothetical question to a vocational expert, a ALJ's RFC restriction to "simple, repetitive work" was insufficient to accommodate moderate limitations in concentration, persistence, or pace given that "repetitive, assembly-line work of the type described by the [vocational] expert might well require extensive focus or speed." *Brink v. Comm'r Soc. Sec. Admin.,* 343 Fed.Appx. 211, 212 (9th Cir.2009); *see also Newton v. Chater*, 92 F.3d 688, 695 (8th Cir.1996) (holding "simple jobs" was insufficient to cover concentration, persistence, or pace deficiencies); *Lubin v. Comm'r of Soc. Sec. Admin.*, 507 F.App'x 709, 712 (9th Cir. 2013) ("Although the ALJ found that [the claimant] suffered moderate difficulties in maintaining concentration, persistence, or pace, the ALJ erred by not including this limitation in the residual functional capacity determination or in the hypothetical question to the vocational expert.").

However, the Ninth Circuit has also held that an ALJ may sufficiently account for moderate difficulties in concentration, persistence, and pace by assessing an RFC restricting the claimant to simple, routine, repetitive tasks, so long as that assessment is consistent with restrictions identified in the medical opinion evidence. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *see also Turner v. Berryhill*, 705 F. App'x 495, 498 (9th Cir. 2017) (reaffirming *Stubbs-Danielson*); *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir.2001) (holding "capable of doing simple, repetitive, routine tasks" adequately captured such deficiencies); *Hughes v. Colvin*, 599 F. App'x 765, 766 (9th Cir. 2015) (same); *Sabin v. Astrue*, 337 F. App'x 617, 621 (9th Cir. 2009) (same).

Here, the ALJ gave great weight to the opinions of state agency psychological consultants Matthew Comrie, Psy.D. and Bruce Eather, Ph.D. AR 22. Dr. Eather opined that despite having some moderate limitations with respect to concentration, persistence, or pace, Plaintiff would not be significantly limited in carrying out short and simple instructions, making simple work-related decisions, and sustaining an ordinary routine without special supervision. AR 91-92. Dr. Comrie also found that Plaintiff would have some moderate limitations with respect to concentration, persistence, or pace, but also found that Plaintiff would not be significantly limited in carrying out short and simple instructions, making simple work-related decisions, sustaining an ordinary routine without special supervision, or performing activities within a schedule. AR 108-09. Dr. Comrie added that while Plaintiff's ability to sustain concentration, persistence, and pace would fluctuate due to his psychiatric symptoms, Plaintiff retained the ability to maintain attention and concentration sufficient to complete routine and complex tasks over a normal 8-hour workday with customary breaks and abstinence from alcohol use. AR 109.

The ALJ's RFC is supported by medical opinion evidence, and the ALJ did not err in determining that, despite moderate difficulties in concentration, persistence, or pace, Plaintiff could carry out routine and predictable tasks.

Plaintiff argues that as non-examining state agency consultants, the opinions of Dr. Comrie and Dr. Eather cannot by themselves constitute substantial evidence that justifies the rejection of an examining or treating source opinion. Dkt. 16, p. 3, citing *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). First, for the reasons discussed below, Plaintiff has not challenged the ALJ's evaluation of the treating and examining opinions in the record. *See infra* Section II.

Second, the issue here is not the ALJ's rejection of an examining source opinion, but whether there is an opinion from an acceptable medical source indicating that Plaintiff could still perform simple, routine, repetitive tasks given moderate limitations in concentrating, persisting, and maintaining pace. Third, in *Stubbs-Danielson*, 539 F.3d 1169, 1174 (9th Cir. 2008) the Ninth Circuit relied to a significant extent on the opinion of a non-examining state agency consultant, coincidentally Dr. Eather, to find that there was support for the ALJ's conclusion that moderate mental limitations were not inconsistent with an RFC limitation involving simple, routine, repetitive tasks. *See also Howard v. Massanari,* 255 F.3d 577, 582 (8th Cir.2001) (where state agency psychologist assessed claimant as having deficiencies in concentration, persistence and pace and the ability to "sustain sufficient concentration and attention to perform at least simple, repetitive, and routine cognitive activity without severe restriction of function," the ALJ's hypothetical including a limitation to performing "simple, routine, repetitive tasks" adequately captured claimant's deficiencies in concentration persistence or pace).

Despite Plaintiff's limitations in concentration, persistence, and pace, the state agency consultants opined that Plaintiff could still perform routine and some complex tasks, and the

RFC restriction involving Plaintiff's ability to carry out routine and predictable tasks was sufficient to accommodate Plaintiff's limitations. *See e.g. Sabin v. Astrue*, 337 F. App'x at 621 (affirming an RFC restriction to performing simple and repetitive tasks as consistent with moderate limitations in concentration, persistence, and pace when such a finding was consistent with medical opinion evidence). As a result, the ALJ properly assessed the RFC.

**II.     Whether the ALJ properly evaluated the medical opinion evidence.**

Plaintiff argues that the ALJ erred in evaluating the opinions of Plaintiff's treating physician, Karen Bolton, M.D., and consultative psychological examiner Benjamin Aleshire, Ph.D. Dkt. 12, pp. 6-8. Plaintiff does not cite any specific error with the ALJ's evaluation of these opinions, and instead merely recites the contents of Dr. Bolton and Dr. Aleshire's opinions. Dkt. 12, pp. 6-8.

Given the lack of specificity in Plaintiff's argument, Plaintiff failed to demonstrate any harmful error on this issue. *See Bailey v. Colvin*, 669 Fed. Appx. 839, 840 (9th Cir. 2016) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012)) (finding no error where the claimant did not "demonstrate prejudice from any errors"). The Court therefore rejects Plaintiff's conclusory argument. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation" to find error where the claimant failed to explain how the ALJ harmfully erred).

**III.    Whether the ALJ properly evaluated a disability rating from the Veteran's Administration.**

Plaintiff maintains that the ALJ erred in assigning "little weight" to a disability rating from the VA. Dkt. 12, p. 8. The VA gave Plaintiff a 100 percent disability rating due to major depressive disorder and assessed lower rating percentages for his physical impairments. AR 456.

Social Security regulations provide that decisions by other governmental agencies such as

the VA concerning disability are not binding on the Social Security Administration. 20 C.F.R. § 404.1504. Nevertheless, the Ninth Circuit has held that an ALJ must ordinarily give great weight to a VA determination of disability given the "marked similarity between these two federal programs." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (internal citations omitted) (noting various similarities between the programs); *see also Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694-95 (9th Cir. 2009). However, "[b]ecause the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey*, 298 F.3d at 1076 (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

In assigning "little weight" to the VA's determination that Plaintiff had a 100 percent disability rating due to his major depressive disorder, the ALJ found that:

> The records show that most of his treatment done through the VA was for substance abuse that was done in order to comply with court terms of a deferred prosecution. Notably, the claimant had this disability rating during a period of time where he was still working, and records since the alleged onset date show minimal complaints of mental health impairment.

AR 23. The ALJ has provided persuasive, specific, valid reasons, supported by the record, for not assigning great weight to the VA's disability determination regarding Plaintiff's depression. The ALJ found that Plaintiff was still working after he was assessed as being 100 percent disabled by the VA. AR 23. Plaintiff states that he continued to work as a Marine electrician until August 2016. AR 305.

Plaintiff stated that he had a 90 percent VA disability rating in March 2013. AR 283. VA records are unclear about precisely when Plaintiff was found 100 percent disabled, but Plaintiff appears to have received his current service connected disability rating as early as May 2015. AR

472. Plaintiff does not dispute that he continued to work after the VA found him disabled, but instead argues that he had psychological difficulties that led him to leave his job in August 2016. Dkt. 12, pp. 8-9, Dkt. 16, pp. 4-5.

As such, Plaintiff appears to have worked for more than a year after he was found 100 percent disabled by the VA. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009) (An ALJ provided specific and legitimate reasons for rejecting the opinion of a treating psychologist when she identified a contradiction between the doctor's statement that Plaintiff was unemployable and Plaintiff's acknowledgment that he was continuing to work full-time).

The fact that Plaintiff was found 100 percent disabled by the VA during a period when he was still able to work highlights the difference between VA and SSA regulations and supports the ALJ's conclusion that a VA rating of 100 percent disability does not necessarily translate into a finding of disability under Social Security regulations. *See e.g. Bird v. Berryhill*, 847 F.3d 911, 913 (7th Cir. 2017) (noting that contrary to SSA regulations, the VA's disability evaluation resolves doubt in the favor of the claimant). Accordingly, the ALJ has provided persuasive, specific, valid reasons for not assigning great weight to the VA's disability assessment.

Although the ALJ provided other reasons to discount the VA's disability rating, the Court need not assess whether these reasons were proper, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 31st day of July, 2019.

*[signature]*

David W. Christel
United States Magistrate Judge